**FILED**

March 1, 2019

Clerk, U.S. District Court
District of Montana
Great Falls Division

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| CHARLES ALAN GUTIERREZ, | |
| Plaintiff, | CV 17-129-GF-BMM-JTJ |
| vs. | |
| NANCY BERRYHILL, Acting Commissioner of Social Security Administration, | **FINDINGS AND RECOMMENDATIONS** |
| Defendant. | |

## INTRODUCTION

Plaintiff Charles Alan Gutierrez (Gutierrez) brought this action to obtain judicial review of the final decision of the Acting Commissioner of the Social Security Administration (Commissioner), denying his application for disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.

## JURISDICTION

The Court possesses jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Gutierrez resides in Cascade County, Montana. 29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3). United States District Judge Brian Morris

referred this matter to the undersigned to submit findings and recommendations on all dispositive motions. (Doc. 8).

## BACKGROUND

Gutierrez is 57 years old. (Doc. 5 at 217). Gutierrez is a well-educated person. Gutierrez possesses an associates degree in applied science, a bachelor's degree in political science, and a master's degree in international relations. (Doc. 5 at 42). Gutierrez has past work experience as a military operations commander and as a operational intelligence officer in the United States Air Force. (Doc. 5 at 24). The Veterans Administration (VA) determined on November 21, 2014, that Gutierrez was 70% disabled as of September 30, 2013, due to military service related impairments. (Doc. 5 at 210). These impairments included Post-Traumatic Stress Disorder (PTSD), major depressive disorder, cognitive disorder, and essential tremor and movement disorder in his right hand. (Doc. 5 at 210, 213-14, 238). The VA declared Gutierrez unemployable as of September 30, 2014. (Doc. 5 at 210, 214, 238). Gutierrez receives VA disability benefits. *Id.*

Gutierrez filed his application for social security disability benefits on December 31, 2015. (Doc. 5 at 217-218). Gutierrez alleged that he became disabled on June 1, 2006, due to PTSD, a traumatic brain injury, anxiety and depressive disorder. (Doc. 5 at 98, 217). An administrative law judge (ALJ)

conducted a hearing on Gutierrez's application for social security benefits on April 6, 2017. (Doc. 5 at 36-72). The ALJ issued her decision on June 7, 2017. (Doc. 5 at 10-26). The ALJ determined that Gutierrez did not qualify for disability or disability insurance benefits. (Doc. 5 at 26).

Gutierrez requested that the Social Security Administration (Administration) review the ALJ's decision. (Doc. 5 at 102). The Administration denied Gutierrez's request. (Doc. 5 at 1-3). The Administration's denial made the ALJ's decision the final decision of the Commissioner. *Id.*

Gutierrez filed the present action on November 28, 2017. (Doc. 1). The matter has been fully briefed. (Docs. 10, 16, 25, 26, 27). The Court is prepared to rule.

## **STANDARD OF REVIEW**

The Court's review in this matter is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance."

3

*Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

## BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is unable to perform previous work and is also unable to "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A),(B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof under steps one through four. *Bustamante*, 262 F.3d at 954. The Commissioner bears the burden of proof under step five. *Id.* The five steps of the inquiry are:

4

1.   Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2.   Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3.   Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4.   Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5.   Is the claimant able to do any other work that exists in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante*, 262 F.3d at 954.

## BACKGROUND

### A.   ALJ's determination

At step one, the ALJ determined that Gutierrez had not engaged in substantial gainful activity since July 1, 2012. (Doc. 5 at 13).

At step two, the ALJ found that Gutierrez possessed the following severe impairments: depression, PTSD, and alcohol addiction. (Doc. 3 at 13). The ALJ also found that Gutierrez possessed the following non-severe impairments: a mild

traumatic brain injury; sleep apnea; tremor disorder in his right hand; hepatitis; sinusitis; dry eye syndrome; and pain in his low back, hip and knee. (Doc. 5 at 13-14).

At step three, the ALJ found that Gutierrez did not have an impairment, or combination of impairments, that met or was medically equal to one of the listed impairments. (Doc. 5 at 14).

Before considering step four, the ALJ determined Gutierrez's residual functional capacity. The ALJ determined that Gutierrez possessed the residual functional capacity to perform a full range of work at all exertional levels subject to the following limitations: 1) Gutierrez can understand, remember, and carry out unskilled tasks that require a specific vocational preparation level of 2 and a GED reasoning level of 3; 2) Gutierrez can be punctual and maintain attendance, concentration, persistence, and pace for such tasks for 8-hour workdays and 40-hour workweeks; 3) Gutierrez can tolerate occasional interaction with the public, supervisors and coworkers; 4) Gutierrez can tolerate occasional change in routine work settings; and 5) Gutierrez can make occasional decisions and judgments for unskilled tasks. (Doc. 5 at 15-16).

At step four, the ALJ presented a hypothetical question to a vocational expert. The ALJ asked the vocational expert to consider a hypothetical person

6

with the same age, work experience and educational background as Gutierrez who possessed the limitations described above. (Doc. 5 at 64). The ALJ asked the vocational expert whether such a hypothetical person would possess the residual functional capacity to perform Gutierrez's past relevant work. *Id.* The vocational expert responded that such a person could not perform Gutierrez's past relevant work. *Id.*

At step five, the ALJ asked the vocational expert whether such a hypothetical person would possess the residual functional capacity to perform other jobs that exist in significant numbers in the national economy. (Doc. 5 at 65). The vocational expert responded that a person with Gutierrez's residual functional capacity could perform work as a hand packager, warehouse worker, and industrial cleaner. *Id.* The ALJ determined that Gutierrez was not disabled. (Doc. 5 at 25).

**B.    Gutierrez's Position**

Gutierrez argues that the Court should reverse the Commissioner's decision and remand the case to the Commissioner for either an award of benefits or for further proceedings. (Doc. 10 at 14-15). Gutierrez argues that the Commissioner's decision should be reversed for the following reasons:

1.  The ALJ erred when she determined at step two that his mild traumatic brain injury was not a severe impairment;

2.  The ALJ erred by failing to give proper weight to the 70% disability rating assigned to him by the Veterans Administration;

3.  The ALJ erred by failing to give proper weight to the opinion of treating psychologist Dr. Christine King, Psy.D.;

4.  The ALJ erred by presenting a hypothetical question to the vocational expert that failed to include all of his functional limitations; and

5.  The ALJ that presided over his claim for disability benefits had not been properly appointed under Article II, Section 2, Clause 2 of the United States Constitution.

(Doc. 10 at 5-13; Doc. 16 at 2-3; Doc. 25 at 2-4).

## DISCUSSION

### A.    Traumatic Brain Injury

Gutierrez argues that the ALJ erred when she determined at step two that his traumatic brain injury was a non-severe impairment. (Doc. 10 at 6-7).

An impairment is "not severe" for purposes of step two when the medical evidence establishes only a slight abnormality or a combination of slight abnormalities that would not significantly limit a claimant's ability to do basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Basic work activities are the "abilities and aptitudes necessary to do most jobs, including for example, walking, standing sitting, lifting, pushing, pulling, reaching, carrying

8

[and] handling." *Id.* The claimant bears the burden of establishing that an impairment is severe for purposes of step two. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

Here, the ALJ reasonably concluded that Gutierrez's traumatic brain injury was not severe. An MRI of Gutierrez's brain in April 2012 showed abnormalities indicative of a mild brain injury. (Doc. 5 at 863). Gutierrez reported no symptoms of traumatic brain injury in June 2012. (Doc. 5 at 434). Examining psychologist Dr. Robert Bateen, Ph.D. noted in January 2014, that Gutierrez's brain injury had no impact on his ability to work. (Doc. 5 at 13, 451).

Gutierrez alleges that his brain injury should be considered severe because it may be responsible for the tremor disorder that he experiences in his right hand. (Doc. 10 at 6-7). The ALJ considered Gutierrez's tremor disorder at step two. The ALJ noted that Gutierrez had been able to work successfully in the miliary for six years despite his tremor disorder. (Doc. 5 at 13). A claimant's ability to work despite an impairment is evidence that the impairment is not disabling. *Gregory v. Bowen*, 844 F.2d 664, 666-667 (9th Cir. 1988).

The ALJ concluded reasonably that Gutierrez's brain injury was not a severe impairment.

**B.**   **Disability Rating Assigned by the Veterans Administration**

The Veterans Administration (VA) determined in November 2014 that

Gutierrez was 70% disabled due to his physical and mental service related

impairments. (Doc. 5 at 210, 213-14, 238). The VA determined that Gutierrez's

70% disability caused him to be unemployable as of September 30, 2014. (Doc. 5

at 210). The ALJ acknowledged the VA's disability determination, but did not

give it significant weight. (Doc. 5 at 23). Gutierrez argues that the ALJ erred by

not giving more weight to the VA's disability rating.

An ALJ must consider a VA disability rating in reaching his decision. *See*

*McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). An ALJ must

"ordinarily give great weight to a VA determination of disability." *McCartey*, 298

F.3d at 1076. An ALJ may, however, "give less weight to a VA disability rating

[so long as she] gives persuasive, specific, valid reasons for doing so that are

supported by the record." *Id.*

Here, the ALJ reviewed, considered and weighed the medical evidence on

which the VA's disability rating was based. The ALJ discounted the VA rating for

the following reasons: 1) the VA's disability determination was not based "on

Social Security Administration criteria;" 2) the VA's determination was "not

supported by any explanation;" and 3) Gutierrez's "medical and psychological

treatment records [showed] minimal signs and symptoms of severe physical impairments and only some evidence of moderate mental impairments." (Doc. 5 at 23). The ALJ provided persuasive, specific and valid reasons for giving the VA rating minimal weight. No error occurred.

### C.   Opinion of Treating Psychologist Dr. Christine King, Psy.D.

Dr. Christine King, Psy.D. has been Gutierrez's treating psychologist since 2013. Dr. King completed a Social Security form entitled "Medical Source Statement of Ability to do Work-Related Activities (Mental)" on February 2, 2017. (Doc. 5 at 1372-1374). Dr. King checked boxes on the Medical Source Statement form indicating that Gutierrez had "marked" mental limitations with respect to the following activities: understanding; remembering; carrying out simple instructions; making judgments on simple work-related decisions; and interacting appropriately with the public, supervisors and coworkers. (Doc. 1372-1373). The term "marked" denotes a serious limitation in function. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.00(F)(2)(d). The ALJ assigned Dr. King's opinion "minimal weight." (Doc. 5 at 21). Gutierrez argues that the ALJ erred when she discounted Dr. King's opinion regarding his mental limitations.

Social Security law recognizes three types of physicians: 1) treating physicians; 2) examining physicians; and 3) non-examining physicians. *Lester v.*

11

*Chater*, 81 F.3d 821, 830 (9th Cir. 1995) *as amended* (Apr. 9, 1996).

Psychologists are considered physicians for purposes of Social Security law.

*Lester*, 81 F.3d at 830, n. 7.

A treating physician's opinions carry more weight than the opinions of an examining physician. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). An examining physician's opinions in turn carry more weight than the opinions of a non-examining physician. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). The weight afforded any medical opinion depends on whether the opinion is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 404.1527(c)(3),(4).

An ALJ may discount the opinions of a treating physician so long as the ALJ provides adequate reasons for doing so. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). To discount an uncontradicted opinion of a treating physician, the ALJ must provide clear and convincing reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216. To discount a contradicted opinion of a treating physician, the ALJ must provide specific and legitimate reasons that are supported by substantial evidence in the record. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). An ALJ may satisfy the substantial evidence requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence," stating her interpretation

12

of the evidence, and making findings. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

The ALJ discounted Dr. King's opinion that Gutierrez possessed marked mental limitations because her opinion was contradicted by other medical evidence in the record, and her opinion was not consistent with Gutierrez's daily activities. (Doc. 5 at 21-22). The ALJ described the medical evidence that contradicted Dr. King's opinion. Examining psychologist Dr. Robert Bateen, Ph.D. had determined in January 2014 that Gutierrez possessed "normal judgment," and the ability to "complete simple tasks." (Doc. 5 at 17-19). Examining psychologist Dr. Philip Rambo, Ph.D. had determined in February 2014 that Gutierrez possessed "exceptional concentrative ability" and "[n]o noteworthy cognitive concerns." (Doc. 5 at 18). Examining psychologist Dr. Mark Mozer Ph.D. had determined in March 2016 that Gutierrez possessed "organized" thought processes. (Doc. 5 at 18). Non-examining consultants Dr. Marsha McFarland, Ph.D, Dr. Mary Kay Bogumill, Ph.D., and Dr. Howard Atkins, Ph.D. each determined that Gutierrez's limitations in daily activities were only mild, and that Gutierrez's limitations in social functioning, maintaining concentration, persistence were only moderate. (Doc. 5 at 20).

The ALJ described Gutierrez's daily activities that were inconsistent with

13

Dr. King's opinion.  The ALJ noted that Gutierrez's daily activities included horseback riding, home projects, cooking, fishing, hunting, and volunteer work with military veterans.  (Doc. 5 at 21-22, 1253).

The ALJ provided specific and legitimate reasons supported by substantial evidence for discounting Dr. King's opinion.  No error occurred.

### D.    <u>Hypothetical Question Presented to the Vocational Expert</u>

Gutierrez argues that the ALJ's hypothetical question presented to the vocational expert was legally deficient because it failed to include all of his functional limitations.  Gutierrez argues that the ALJ's hypothetical should have included the following two additional limitations propounded by his lawyer: 1) that he had "marked" mental limitations; and 2) that he required a service dog. (Doc. 10 at 12-13; Doc. 5 at 68-70).

Hypothetical questions posed to a vocational expert must include all of the claimant's medical and vocational limitations that are supported by substantial evidence in the record. *Bayliss*, 427 F.3d at 1217-1218.  Medical and vocational limitations that are not supported by substantial evidence need not be included in the hypothetical presented to the vocational expert. *See Magallenes*, 881 F.2d 756-757.  The two additional limitations propounded by Gutierrez's lawyer were not supported by substantial evidence.  The ALJ was not required to include them

14

in her hypothetical. *Id.* No error occurred.

**E.**   <u>**Appointment of the ALJ**</u>

Gutierrez argues that this case should be remanded for a new hearing before a different ALJ because the ALJ that presided over his claim was not appointed in accordance with the Appointments Clause in Article II, Section 2, Clause 2 of the United States Constitution. (Doc. 16 at 2-3).

The Appointments Clause requires that certain officers of the United States must be appointed by "the President, a Court[] of Law, or a Head[] of Department." *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 676 (6th Cir. 2018) (citing U.S. Const. Art. II, § 2, Cl. 2). The United States Supreme Court has held that ALJs of the Securities and Exchange Commission are subject to the Appointments Clause. *Lucia v. Securities and Exchange Commission*, 138 S.Ct. 2044, 2049, 2055 (2018). It is reasonable to conclude that the Social Security ALJs are also subject to the Appointments Clause. The Commissioner of the Social Security Administration has conceded this fact in at least one reported case. *See Davidson v. Comm. of Social Security*, 2018 WL 4680327 at *1 (M.D. Tenn. Sept. 28, 2018).

The issue presented here is whether Gutierrez has waived the right to raise an Appointment Clause challenge in this proceeding given that he failed to assert

15

the challenge in his administrative proceedings.  Courts that have considered this issue appear to be in accord.  They have concluded that claimants who fail to challenge the constitutional validity of an ALJ's appointment at the administrative level waive the right to attack the ALJ's appointment on judicial review.  *See* e.g., *Page v. Comm. of Social Security*, 2018 WL 5668850 at *1-3 (E.D. Mich. Oct. 31, 2018); *see* also, *Davidson*, 2018 WL 4680327 at *1-2; *Garrison v. Berryhill*, 2018 WL 4924554 at *2 (W.D. N.C. Oct. 10, 2018); *Salmeron v. Berryhill*, 2018 WL 4998107 at *3 (C.D. Cal. Oct. 15, 2018).

This Court agrees with the reasoning of these courts.  The Court finds Gutierrez has waived the right to attack the validity of the ALJ in this matter given that he failed to raise the challenge at the administrative level.

## CONCLUSION

The ALJ's decision is supported by substantial evidence.  The ALJ's decision is free of legal error.

## RECOMMENDATIONS

1.     Gutierrez's Motion for Summary Judgment (Doc. 9) should be DENIED.

2.     The Commissioner's decision to deny benefits to Gutierrez should be AFFIRMED.

3.     The Clerk should be directed to enter judgment accordingly.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND
## RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to

which objection is made.  The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations.  Failure to timely file

written objections may bar a de novo determination by the district judge.

DATED this 1st day of March, 2019.


John Johnston
United States Magistrate Judge

17