# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| CHARLES A. GUTIERREZ,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>Defendant. | **CV-17-129-GF-BMM**<br><br><br>**ORDER** |

## INTRODUCTION

Plaintiff Charles Alan Gutierrez filed an application for social security disability benefits on December 3, 2015. (Doc. 5 at 217-18.) The administrative law judge ("ALJ") concluded that Gutierrez did not qualify for disability or disability insurance benefits on June 7, 2017. *Id.* at 26. The Social Security Administration ("Administration") denied Gutierrez's request to have the Administration review the ALJ's decision. *Id.* at 1-3, 102. Gutierrez filed the instant action on November 28, 2017. (Doc. 1.)

Gutierrez filed a Motion for Partial Summary Judgment (Doc. 9) on April 27, 2018. United States Magistrate Judge John Johnston entered Findings and

1

Recommendations regarding the instant motion on March 1, 2019. (Doc. 28.) Judge Johnston ultimately recommended that the Court deny Gutierrez's Motion for Partial Summary Judgment and affirm the Acting Commissioner of Social Security Administration ("Commissioner")'s decision to deny benefits to Gutierrez. *Id*. at 16. Gutierrez timely filed objections to Judge Johnston's Findings and Recommendations on March 15, 2019. (Doc. 29.) Because the parties are familiar with the facts, the Court will not recite them here.

## STANDARD OF REVIEW

The Court reviews de novo Findings and Recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable, and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). The Court reviews for clear error findings and recommendations to which no party objects. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original response the Court likewise will review the applicable portions of

2

the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## DISCUSSION

Gutierrez submitted seven objections to Judge Johnston's Findings and Recommendations. (Doc. 29 at 1-8.) Gutierrez contends (1) that there is no support in the record that Gutierrez has been diagnosed with alcohol addiction; (2) that the conclusion that Gutierrez's TBI is "mild" proves contrary to the opinion of the treating psychologist; (3) that the ALJ gave "short shrift" to its analysis before rejecting the Veteran Affair's disability decision; (4) that Judge Johnston erred in determining that medical evidence contradicted the opinion of Gutierrez's treating psychologist; (5) that substantial evidence exists that does not support Judge Johnston's conclusion that Gutierrez's daily activities were not limited; (6) that the hypotheticals posted by the ALJ to the vocational expert have no evidentiary value; and (7) that Gutierrez did not waive his right to attack the ALJ's appointment on review. *Id*. That Court will address each objection in turn.

1. **Alcohol Addiction**

Gutierrez contends that the record does not support the determination that Gutierrez suffers from an alcohol addiction. (Doc. 29 at 2.) Judge Johnston does not rely in his Findings and Recommendations on the ALJ's determination that Gutierrez suffers from an alcohol addiction. *See* (Doc. 28 at 1-17.) Judge Johnston merely recites the ALJ's determination that "Gutierrez possessed the following severe impairments: depression, PTSD, and alcohol addiction." (Doc. 28 at 5.) The Court overrules Gutierrez's objection.

2. **Determination that Gutierrez's TBI is "Mild"**

Judge Johnston determined that the "ALJ reasonably concluded that Gutierrez's traumatic brain injury was not severe." *Id*. Judge Johnston reasoned that the "MRI of Gutierrez's brain in April 2012 showed abnormalities indicative of a mild brain injury." (Doc. 28 at 9.) Judge Johnston further explained that Dr. Robert Bateen, the examining psychologist in this case, noted that "Gutierrez's brain injury had no impact on his ability to work." *Id*. Gutierrez claims that Judge Johnston concluding that medical evidence supports a determination that Gutierrez's TBI was "mild" proves contrary to the opinion of Gutierrez's treating physician. (Doc. 29 at 2.)

Gutierrez fails to provide legal authority in support of his objection. The Court remains unable to decipher Gutierrez's supporting reasons that Judge

Johnston reached a contrary result in his Findings and Recommendations. Gutierrez's objection to this portion of Judge Johnston's Findings and Recommendations proves improper. *See Montana Shooting Sports Ass'n*, 2010 WL 4102940, at 2. The Court will review for clear error the relevant portion of Judge Johnston's Findings and Recommendations. *See McDonnell Douglas Corp.*, 656 F.2d at 1313.

Even if Gutierrez logged a proper objection, the Court would still review Gutierrez's stated objection for clear error. In his summary judgment motion, Gutierrez argued that ALJ did not discuss adequately her determination that Gutierrez's TBI was mild. (Doc. 10 at 6.) Gutierrez noted that Dr. Christine King, Gutierrez's treating physician, opined that the limitation in Gutierrez's activities as a result of his TBI proved severe. *Id*. at 10. Gutierrez argues that the ALJ afforded minimal weight to Dr. King's determination despite the law requiring that "the opinions of treating physicians or counselors are entitled to greater weight than those of examining physicians." *Id*. at 6, 10 (citation omitted).

Gutierrez's minimal reasoning in his objection largely represents a summary of Gutierrez's argument presented to Judge Johnston in Gutierrez's summary judgment motion. Gutierrez's "rehashing of the same arguments set forth in the original response" necessitates that the Court review Gutierrez's objection for clear error. *Rosling*, 2014 WL 693315 at 3. The Court finds no error.

### 3. Veteran's Affairs Disability Determination

Judge Johnston concluded that the "ALJ provided persuasive, specific, and valid reasons for giving the VA rating minimal weight." (Doc. 28 at 9.) Gutierrez contends that the "ALJ opinion at R/23 reveals only a cursory consideration of the VA disability decision and lacks detailed citation to any facts in the record that could serve as a basis for the ALJ's conclusory rejection of the VA disability determination." (Doc. 29 at 3.) Gutierrez cites to *Rey v. Wilke*, __ V.A. __, No. 17-091 (March 14, 2019), that outlines "the considerations to be made in a determination of whether a Veteran could engage in a substantially gainful occupation." *Id.* (internal quotations omitted).

Gutierrez argued that ALJ's reasoning regarding the weight that she accorded to the VA's rating decision proved "vague and conclusory, and lack[ed] any synthesis of the information in the VA record or [r]ating [d]ecision relative to the issue of disability" in his supplemental brief in support of his motion for summary judgment. (Doc. 25 at 3.) Gutierrez's objection mirrors his argument in his supplement brief. The Court will review for clear error. *See Rosling*, 2014 WL 693315 at 3. The Court finds no error.

### 4. Opinion of Dr. King

Judge Johnston stated that the "ALJ discounted Dr. King's opinion that Gutierrez possessed marked mental limitations." (Doc. 28 at 13.) Judge Johnston

stated that the opinions of a treating physician generally "carry more weight than the opinions of an examining physician." *Id*. at 12 (citation omitted). Judge Johnston explained that an ALJ remains authorized to discount a treating physician's opinions "so long as the ALJ provides adequate reasons for doing so." *Id*. (citation omitted). Judge Johnston noted that ALJ in Gutierrez's case supported her determination by referencing the medical evidence via the opinions of various examining and non-examining psychologists. *Id*. at 13. Judge Johnston ultimately concluded that the "ALJ provided specific and legitimate reasons supported by substantial evidence for discounting Dr. King's opinion." *Id*. at 14.

Gutierrez contends that Judge Johnston "justif[ying] discounting Dr. King's opinion and testimony for the stated reason that it was contradicted by other medical evidence" proves problematic because "no other medical evidence was specified or described." (Doc. 29 at 4.) Gutierrez argues that the ALJ was required to accord greater weight to Dr. King's opinions "in the absence of substantiated reasoning to the contrary." *Id*. (citations omitted).

Gutierrez argued that the ALJ's "rejection of Dr. King's evidence [was] not well supported" by the record in his summary judgement brief. (Doc. 10 at 11.) Gutierrez supported his objections with same block quote from *Ryan v. Commissioner of Social Security*, 528 F.3d 1194, 1198 (9th Cir. 2008), that Gutierrez cited to in his motion for summary judgment. (Docs. 29 at 2, 10 at 10-

7

11.) Gutierrez rehashes the argument he set forth initially in his motion for summary judgment. The Court will review for clear error. *See Rosling*, 2014 WL 693315 at 3. The Court finds no error.

### 5. Determination that Gutierrez's Activities were not Limited

Gutierrez contends that the evidence in the record does not support Judge Johnston's conclusion that the ALJ sufficiently stated reasons that support the determination that Gutierrez's activities are not limited. (Doc. 29 at 4.) Gutierrez's instant objection proves intertwined with his fourth objection to Judge Johnston's Findings and Recommendations. Judge Johnston stated the evidence that the ALJ considered regarding whether Gutierrez proved limited in his activities. (Doc. 28 at 13.) As noted above, Judge Johnston then concluded that this evidence supported the ALJ's decision to discount Dr. King's opinion that Gutierrez was limited in his activities. *Id*. at 14. As with Gutierrez's fourth objection, the Court will review the instant objection for clear error. *See Rosling*, 2014 WL 693315 at 3. The Court finds no error.

### 6. Hypotheticals Posed to Vocational Expert

Judge Johnston determined that "[t]he two additional limitations propounded by Gutierrez's lawyer were not supported by substantial evidence." (Doc. 28 at 14.) As a result, Judge Johnston concluded that the "ALJ was not required to include" the two additional limitations in the hypothetical she posed to the

vocational expert. *Id.* at 14-15. Gutierrez contends that the two additional limitations stated in the record at pages 69-70 are supported by substantial evidence. (Doc. 29 at 5.)

Gutierrez argued in his summary judgment brief that the ALJ must include all of a claimant's limitation in her hypothetical questions posed to a vocational expert. (Doc. 10 at 11-12.) Gutierrez stated that the ALJ's failure to include all functional limitations stated in the record was reversible error. *Id.* at 12. Gutierrez further conceded in his objections that he argued previously that the ALJ unfairly had restricted the limitations that she included in her hypothetical to the vocational expert. *Id.* Gutierrez's objection amounts to a rehashing of his argument previously presented in his brief for summary judgment. The Court will review for clear error. *See Rosling*, 2014 WL 693315 at 3. The Court finds no error.

7. **Appointment of the ALJ**

Gutierrez argued in his supplemental brief that this Court should remand his case for a new hearing before a different ALJ as the ALJ who decided Gutierrez's case was not appointed in compliance with Article II, Section 2, Clause 2 of the United States Constitution. (Doc. 16 at 3.) The issue presented before Judge Johnston was "whether Gutierrez has waived the right to raise an Appointment Clause challenge in this proceeding given that he failed to assert the challenge in his administrative proceedings." (Doc. 28 at 15-16.) Judge Johnston concluded that

Gutierrez "waived his right to attack the validity of the ALJ in this matter." *Id*. at 16. Gutierrez contends that there exists "no statutory or regulatory authority or jurisdiction cited by the Magistrate, or by the United States, providing for a determination at the administrative level of the proper appointment of an administrative law judge." (Doc. 29 at 5.) The Court will review de novo Gutierrez's objection. *See* 28 U.S.C. § 636(b)(1).

"Only the President, a court of law, or a head of department can" appoint "Officers" within the meaning of Article II, Section 2, Clause 2. *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2051 (2018) (citing Art. II, § 2, cl. 2). The sole issue before the Supreme Court in *Lucia* was whether ALJs of the Security Exchange Commission qualify as "Officers" for purposes of the Appointments Clause. 138 S. Ct. at 2049, 2051. The Court agrees with Judge Johnston's determination that it proves reasonable to conclude that Social Security ALJs are subject to the Appointments Clause in light of the United States Supreme Court's recent decision in *Lucia*. (Doc. 28 at 15.)

Gutierrez contends that the ALJ has "no authority to decide" issues regarding her appointment. (Doc. 29 at 6.) As a result, Gutierrez argues that there exists no authority requiring him to have raised the issue regarding his ALJ's appointment "at any point before judicial review." *Id*. Gutierrez relies mainly on 20 C.F.R. §§ 404.940 and 404.970 in support of his objection. *Id*.

An ALJ "shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 404.940. A claimant must notify the ALJ that the claimant objects to the ALJ conducting his hearing at the claimant's earliest opportunity. *Id*. The ALJ then will either conduct the hearing or withdraw as the ALJ. *Id*. A new ALJ will be appointed if the objected to ALJ withdraws. *Id*. A claimant may present his "objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another [ALJ]" if the objected to ALJ elects not to withdraw from the hearing. *Id*.; *see also* 20 C.F.R. § 404.970.

Section 404.940 seemingly authorizes a claimant to object on the basis of the Appointments Clause to an ALJ presiding over the claimant's hearing. A failure to raise such an objection during the claimant's administrative proceedings precludes the claimant from raising it on judicial review. *Salmeron v. Berryhill*, 2018 WL 4998107, 3 n. 5 (C.D. Cal. Oct. 15, 2018). Gutierrez failed to raise an Appointment Clause objection to his presiding ALJ during Gutierrez's administrative proceedings. Judge Johnston correctly concluded that Gutierrez has waived the right to challenge his ALJ's appointment during the instant proceedings.

Accordingly, IT IS ORDERED:

1. Judge Johnston's Findings and Recommendations (Doc. 28) is
   ADOPTED IN FULL.

2. Gutierrez's Motion for Summary Judgment (Doc. 9) is DENIED.

3. The Commissioner's decision to deny benefits to Gutierrez is AFFIRMED.

4. The Clerk shall enter judgment accordingly.

DATED this 24th day of May, 2019.

*Brian Morris*
Brian Morris
United States District Court Judge